IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                           )
**A.H., a minor, by his parents**          )
**ANTWAUN HAWKINS and**                    )
**TAMESHA HAWKINS**                        )
**51 R Street, NW**                        )
**Washington, DC  20001,**                 )
          Plaintiffs,                      )
                                           )
v.                                         )
                                           )
**THE DISTRICT OF COLUMBIA,**              )
**One Judiciary Square**                   )
**441 Fourth Street, NW**                  )
**Washington, DC  20001**                  )
                                           )
**CLIFFORD B. JANEY**                      )
**Superintendent,**                        )
**District of Columbia Public Schools**    )
**415 12th Street, NW**                    )
**Washington, DC  20004,**                 )
          Defendants.                      )
_____)

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiffs Antwaun and Tamesha Hawkins, on behalf of their minor son and through undersigned counsel, for their complaint herein allege as follows:

### INTRODUCTION

1.   This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1461. The Plaintiffs seek an injunction ordering the District of Columbia Public Schools ("DCPS") to continue their placement and funding of the Plaintiffs' son A.H. at The River School, a private school in Washington, D.C..

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3. The Plaintiffs have participated in an impartial administrative hearing conducted by the DCPS Office of Management Services. The Hearing Officer dismissed that case.

## PARTIES

4. Antoine and Tamesha Hawkins are the adult parents of A.H., a six-year-old boy born on March 9, 1999. Mr. and Mrs. Hawkins reside with A.H. in Washington, DC.

5. The District of Columbia is a municipal corporation that receives federal financial assistance for providing special education.

6. Clifford Janey is the Superintendent of the District of Columbia Public Schools ("DCPS"). DCPS is the agency of the District of Columbia responsible for providing free and appropriate public education to disabled children in the District of Columbia.

## FACTS

7. A.H. has been determined to be eligible for special education and related services as a child with a hearing impairment and a speech and language disability.

8. A.H. suffers from only a mild hearing loss with the use of his hearing aids.

9. A.H. suffers from severe speech and language disabilities.

10. A.H. attends The River School, a private school in the District of Columbia, where he was placed by DCPS.

11. A.H. receives all of his instruction at The River School in a class composed primarily of non-disabled peers, co-taught by a teacher and a speech and language pathologist.

12. A.H. also receives "pull-out" speech and language therapy at The River School.

13. A.H. requires instruction in an environment with same-age non-disabled peers.

14. A.H. has improved in the areas of speech and language and general academics during his time at The River School

15. The River School is an appropriate placement for A.H..

16. DCPS has proposed a change in A.H.'s school placement to the Key School.

17. The proposed placement at the Key School would be to a class comprised entirely of disabled children.

18. The proposed placement at the Key School would be a "more restrictive environment," as that term is used in the field of special education, than A.H.'s current placement at The River School.

19. The proposed placement at the Key School would be inappropriate for A.H..

### COUNT I: FAILURE TO EDUCATE IN THE LEAST RESTRICTIVE ENVIRONMENT

20. The allegations of Paragraphs 1-19 above are incorporated herein as if repeated verbatim.

21. The IDEA, at 20 U.S.C. § 1412(a)(5)(A), requires that each state, including the District of Columbia have in effect policies and procedures that ensure that children with disabilities are educated with non-disabled children to the maximum extent possible.

22. The federal regulations interpreting the IDEA, at 34 CFR 300.552(e), direct that no school district remove a child with a disability from regular classrooms solely because of needed modifications in the general curriculum.

23. The Defendants have violated and continue to violate the IDEA by attempting to remove A.H. from a classroom with non-disabled peers to one without non-disabled peers.

## COUNT II: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

24. The allegations of Paragraphs 1-23 above are incorporated herein as if repeated verbatim.

25. The IDEA requires the Defendants to provide all children with disabilities in their jurisdiction free appropriate public education ("FAPE").

26. The Defendants have violated the IDEA by denying A.H. a FAPE by proposing an inappropriate educational placement for him.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) issue an injunction ordering the Defendants to continue A.H.'s placement and funding at The River School;

2) award the Plaintiff attorneys' fees and costs of this action;

3) award any other relief the Court deems just.

Respectfully submitted,

_____
Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC  20008
(202) 332-0038

4