UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTWAUN HAWKINS, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1247 (JR) |
| DISTRICT OF COLUMBIA, *et al.* | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT
AND MOTION TO DISMISS THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 4(j)(2), 4(m) and 12(b)(5), the Defendants, by counsel, oppose plaintiffs' motion for default and respectfully request that the complaint be dismissed for want of prosecution. As explained in the accompanying memorandum, the captioned complaint was filed more than 120 days ago and was never served on the Mayor of the District of Columbia. Accordingly, Plaintiffs are not entitled to entry of default and the complaint should be dismissed with prejudice.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

2

                                      **/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Carol E. Burroughs**
CAROL E. BURROUGHS [#415432]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6520
Fax: 202-727-0431

**January 4, 2006**               Email: Carol. Burroughs@dc.gov

Case 1:05-cv-01247-JR   Document 6   Filed 01/04/2006   Page 2 of 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTWAUN HAWKINS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vi. ) | Civil Action No. 05-1247 (JR) |
| ) | |
| DISTRICT OF COLUMBIA, *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT AND MOTION TO DISMISS THE COMPLAINT

Defendants submit that Plaintiffs' motion for default must be denied and that the complaint herein must be dismissed for failure to prosecute. As will be shown below, the complaint was filed more than 120 days ago and proper service on the District of Columbia has never been made.

### THE PROCEDURAL CHRONOLOGY

The instant complaint was filed on June 22, 2005. On November 30, 2005, the Court issued a notice that, if service had not been waived or accomplished by December 28, 2005, the complaint would be dismissed. On December 23, 2005, Plaintiffs purported to have effected service and moved for default judgment.

### ARGUMENT

Fed. R. Civ. P. 4(c)(1) states that "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) [within 120 days of the filing of the complaint] and shall furnish the person effective service with the

necessary copies of the summons and complaint."   Since the complaint was filed on June 22, 2005, proper service was required by October 19, 2005.   This was not accomplished.

Under Rule 4(j)(2), service on the District "shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer" – in the case of the District, to the Mayor.[1]   On October 14, 2005, a copy of the complaint was delivered to the District's Office of Attorney General.  Following the Court's notice, on December 21, 2005, Plaintiffs filed a return of service reflecting delivery of the complaint to DCPS on October 14, and on December 23, 2005, Plaintiffs filed a return of service reflecting delivery of the complaint to the District's Office of the Attorney General on that date as well.

Neither delivery, however, was effective or in accordance with Rule 4(j)(2), since neither was on the Mayor – the specific, stated requirement of the Rule.  To date, therefore, proper service of the summons and complaint has yet to be effected.

It should be emphasized that Plaintiffs' counsel's service agent was specifically advised by OAG personnel on October 14, 2005, that service on the Mayor was required, and that individual, in the presence of those OAG personnel, communicated that matter to Plaintiffs' counsel by telephone.  That advice, however, seems to have been consciously ignored or rejected.

---

[1] Rule 4(j)(2) refers in the alternative to service "in the manner prescribed by the law of [the District]." Thompson v. District of Columbia, 863 A.2d 814, 817 (D.C. 2004), described those requirements:
> "[I]n order to effect proper service upon the District, a plaintiff must serve the Mayor *and* Corporation Counsel [now Office of the Attorney General for the District of Columbia]." *Dorsey v. District of Columbia*, 839 A.2d 667, 668 (D.C. 2003) (emphasis in original).  In addition, Rule 4(m) requires that proof of service be filed "as to each defendant."  If such proof of service is absent, "the plain language of Rule 4(m) compels automatic dismissal…and does not permit the court to exercise any discretion." *Id at 669* (citations and internal quotation marks omitted); *accord, Cameron v. Washington Metropolitan Area Transit Authority*, 649 A.2d 291, 293 (D.C. 1994).

Service on the Mayor, therefore, is required under this alternative as well.

4

This Court's November 30, 2005, Notice stated "this action will be dismissed without prejudice unless a waiver of service or proof of service has been filed before then, or unless the Court finds good cause to extend the time for service." No waiver of service occurred. And there has been no demonstration whatever – particularly in the face of Plaintiffs' counsel's disregarding specific advice by OAG that service on the Mayor was necessary – that good cause exists for extending the time for service in this case. Moreover, to the extent that the 30-day limitations period for an appeal of the administrative decision that is the subject of the complaint has long since passed, dismissal with (not without) prejudice is both appropriate and necessary.

Accordingly, because proper service has not been waived by the District, because the Mayor was not served with the complaint within the 120 days provided by the Rules, and because that failure was in direct disregard of both the Rule and OAG's voluntary advice to Plaintiffs' counsel, the Court must deny Plaintiffs' motion and dismiss the complaint with prejudice. As observed by Judge Kessler in a recent failure-of-service ruling in <u>Coppedge v. District of Columbia</u>, Civ. No. 04-0469 (D.D.C.), counsel "is expected and presumed to know the Local Rules of the Court." Memorandum Opinion, April 19, 2005, p. 5 (citing <u>Pellegrin & Levine, Chartered</u>, 961 F.2d 277, 282 (D.C.Cir. 1992).

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General
        for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

|  |  |
|---|---|
|  | **/s/ Edward P. Taptich**<br>EDWARD P. TAPTICH [#012914]<br>Chief, Equity Section II |
|  | **/s/ Carol E. Burroughs**<br>CAROL E. BURROUGHS [#415432]<br>Assistant Attorney General<br>441 Fourth Street, N.W.<br>Sixth Floor South<br>Washington, D.C. 20001<br>(202) 724-6520<br>Fax: 202-727-0431 |
| **January 4, 2006** | Email: Carol.Burroughs@dc.gov |