IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**ANTWAUN HAWKINS, et al.,**        )
          **Plaintiffs,**           )
                                    )     **Civil Action No. 05-1247**
**v.**                              )     **JR**
                                    )
**DISTRICT OF COLUMBIA, et al.,**   )
          **Defendants.**           )
_____ )

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

BACKGROUND

On January 21, 2005, the Plaintiffs filed a "due process hearing request," a request for an administrative hearing under the Individuals with Disabilities Act ("IDEA") against the District of Columbia Public Schools ("DCPS"). The Plaintiffs alleged multiple violations of the IDEA with regards to the Plaintiffs' son A.H., most importantly in DCPS' attempt to change A.H.'s school placement from his present one to an inappropriate school.

A.H. has been classified by DCPS as suffering from multiple disabilities, including hearing, speech, and language impairments. Years ago, DCPS placed A.H. at a private school that offered an "inclusion" setting in which A.H. participated in classes with primarily non-disabled peers. The due process hearing request alleged that, though A.H. has been doing very well at his present school, DCPS has proposed to move A.H. to an inappropriate placement. More specifically, the hearing request alleged that the proposed placement change would move A.H. from the "least restrictive environment" as required by the law, to a classroom populated entirely by disabled students.

The administrative Hearing Officer issued a written decision against the Plaintiffs on May 23, 2005. On June 22, 2005, the Plaintiffs timely filed the instant Complaint challenging the Hearing Officer's findings and decision. The Complaint named the District of Columbia and Clifford B. Janey, the Superintendent of DCPS, as defendants.

On October 14, 2005, and agent of Plaintiffs' counsel served a signed summons and copy of the Complaint at the office of the Superintendent of DCPS and at Office of the Attorney General for the District of Columbia. Plaintiffs' counsel served these summons and complaints along with those in several other IDEA cases.

This Complaint was not the first one filed against these Defendants by Plaintiffs' counsel. *See* Exhibit 1, Verified Statement of Douglas Tyrka. Plaintiffs' counsel filed his first IDEA case in this Court in 2003. *See id.* In that case, and in several following, counsel used a professional process server. *See id.* Prior to the service of that first complaint, the process server in question explained to counsel that the District of Columbia would challenge service unless the District of Columbia summons were served both at the Mayor's office and at the Office of Corporation Counsel, as it was then known. *See id.* Though counsel did not see how the District of Columbia could demand service of one summons to two offices, counsel complied with the process server's suggestion and allowed him to photocopy the summons and complaint for the second office. *See id.*

For two complaints filed in early 2005, counsel decided no longer to use the process server, for unrelated reasons, and to use counsel's paralegal instead. *See id.* Before giving the paralegal instructions, counsel carefully examined the rules, and came to the conclusions that 1) only the Superintendent and the Mayor's office need be served,

2

and 2) the District of Columbia's position that the District of Columbia summons had to be served on both offices stemmed from the erroneous belief that service of a federal complaint must be obtained in accordance with the District of Columbia rules. *See id.* Accordingly, for the next two IDEA case filed, counsel instructed his paralegal to serve a summons and copy of the complaint at the Superintendent's office (for that defendant) and at the Mayor's office (for the District of Columbia). *See id.*

In each of those cases, the District of Columbia attorney assigned to the case called counsel and complained that service had not been completed because the District of Columbia summons and complaint had only been served at the Mayor's office, and not at the Office of the Attorney General. *See id.* After much discussion in each case, counsel agreed to an extension of time in which to file the answer. *See id.*

For the present case, counsel instructed his paralegal to serve the summons and Complaint at the Superintendent's office and at the Office of the Attorney General. *See id.* During the attempted service at the Office of the Attorney General, the paralegal telephoned counsel. *See id.* After a brief exchange with the paralegal, counsel asked to speak with the representative of the Attorney General with whom the paralegal had been talking, and that person came on the phone. *See id.* That person, an unidentified woman, told counsel that the summons and Complaint had to be served on the Mayor's office as well. *See id.* Rather than argue with the representative, counsel flatly asked her, "Can you accept service of this summons or not?" *See id.* The representative stated that she could accept service. *See id.* Counsel then instructed his paralegal to leave the summons and Complaint with that person. *See id.*

On November 30, 2005, this Court issued a notice stating that the Plaintiffs must

3

file proof of service by December 28, 2005 to avoid dismissal without prejudice, unless good cause could be shown. On December 23, 2005, the Plaintiffs filed the return of service for each Defendant, and simultaneously filed a Motion for Default Judgment.

Shortly after filing the returns of service, and before the Defendants filed their Motion to Dismiss, counsel discovered his mistake in serving the Office of the Attorney General instead of the Mayor's office. *See* Exhibit 1. Counsel immediately requested a new summons from the Clerk, and served that summons with a copy of the Complaint on the Mayor's office on January 6, 2005, at the first opportunity. *See id.* The Plaintiffs subsequently filed the new return of service.

On January 4, 2006, the Defendants filed, as one document, their Opposition to the Motion for Default Judgment and a Motion to Dismiss on the basis of the failure properly to serve the District of Columbia. The Defendants offered allegations and argument regarding service upon the District of Columbia, but did not address the issue of service upon the other Defendant, the Superintendent. Nonetheless, the Defendants asked the Court to dismiss the Complaint in its entirety.

In support of their Opposition/Motion, the Defendants made several allegations regarding contact between the Office of the Attorney General and Plaintiffs' counsel, but offered no verified statement in support of those allegations. As legal support, the Defendants cited *Coppedge v. District of Columbia*, 2005 WL 914775 (D.D.C. 2005)(slip opinion) and *Pellegrin & Levine, Chartered v. Antoine*, 961 F.2d 277 (D.C. Cir. 1992), two cases in which the plaintiffs had inexcusably failed to serve a necessary party.

## RELEVANT STATUTES

The Federal Rules of Civil Procedure state that in a civil action against "a state, municipal corporation, or other governmental organization," valid service:

> shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed.R.Civ.P. 4(j)(2).[1]

The Federal Rules also impose a deadline for filing service of process on any defendant named in a federal civil action:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

This Complaint was filed by the Plaintiffs on June 22, 2005. Accordingly, the Plaintiffs had to validly serve each of the named Defendants with a signed summons and copy of the complaint on or before October 20, 2005.

## ARGUMENT

**I. The Case Should Not Be Dismissed Against the Superintendent Because the Plaintiffs Validly and Timely Served Him.**

---

[1] Rule 4(j)(1) of the District of Columbia Superior Court Rules of Civil Procedure states that "[s]ervice shall be made upon the District of Columbia by delivering . . . a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee)."

5

The Plaintiffs timely and validly served a summons and a copy of the Complaint on the second named Defendant, Superintendent Clifford B. Janey. The Defendants have not suggested otherwise.

As there is no dispute regarding service upon the Superintendent, there is no argument for dismissal of the case against him. IDEA cases are regularly filed and prosecuted against superintendents, school boards, and school districts. In fact, three of the leading Supreme Court special education cases list such entities as parties. *See, Schaffer v. Weast,* 2005 U.S. LEXIS 8554, 126 S. Ct. 528 (2005) (Jerry Weast, Superintendent of Montgomery County Public Schools, as first named defendant); *Honig v. Doe,* 484 U.S. 305 (1988) (Honig, California Superintendent of Public Instruction as only named government party); *Hendrick Hudson District Bd. of Education v. Rowley*, 458 U.S. 176 (1982) (board of education as first named government party).

Because there is no argument for dismissal of the case against the Superintendent, regardless of the Court's decision regarding the District of Columbia, the case should proceed against him.

**II.    The Plaintiffs' Failure to Serve the Mayor Should Be Excused for Good Cause.**

Under the federal rules, "if the plaintiff shows good cause for the failure" to serve the complaint within 120 days of filing, "the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m); *see Geller v. Newell,* 602 F. Supp. 501, 502 (S.D.N.Y. 1984) (finding good cause where plaintiff quickly made proper service after learning of mistake in service); *Arroyo v. Wheat,* 102 F.R.D. 516 (D. Nev. 1984) (finding good cause where ineffective service was made due to misunderstanding of rules and proper service was diligently made after mistake was discovered). Because the Plaintiffs'

6

made diligent efforts to effect service before and after the discovery of their mistake, and because the Plaintiffs' mistake was reasonable under the circumstances, the Court should find good cause for the extension of the time for service to encompass the Plaintiffs' successful service on the District of Columbia on January 6, 2005.

Courts examining the question of "good cause" in this context have focused primarily on the plaintiffs' efforts to effect service, before and after any defect in service is discovered.

In *Geller,* the plaintiff mistakenly served the defendant's former attorney, but acted quickly to perform proper service once he learned of his error. *See* 602 F. Supp. at 502. Under those circumstances, the court had "no difficulty concluding that plaintiff had good cause[.]" *Id.*

In *Arroyo,* the plaintiff failed to make proper service with no excuse other than misunderstanding of the rules, and did not act to rectify the mistake until a motion to quash was filed. *See* 102 F.R.D. at 517. However, because the plaintiff moved quickly after that, and because the original flawed service had given the defendant actual notice, the court found good cause. *See id.*

In *Walden,* the plaintiff failed to make proper service because of a misunderstanding regarding choice of law, and did not rectify the mistake until the original service was quashed. *See* 96 F.R.D. at 35-39. However, because the court was "convinced that plaintiffs acted reasonably diligently, if technically incorrectly," and because the plaintiff had made proper service within three weeks of the quashing of the original service, the court found good cause. *See id.* at 39.

In *Federal Deposit Ins. Corp. v. Sims,* the plaintiff was far less sympathetic. The plaintiff's service was invalid "for the numerous separate and several reasons stated," but the court nonetheless found good cause and *sua sponte* extended the time for service because it found the "plaintiff's abortive efforts at obtaining service as bona fide[.]" 100 F.R.D. 792, 797 (N.D. Ala. 1984).

Like the plaintiffs in those cases, the Plaintiffs made a diligent effort to effect service. In addition to accomplishing service on the Superintendent – a District official far more closely involved in this case than is the Mayor – the Plaintiffs served the summons and Complaint upon the District's legal representatives, who are now handling the case.

The Plaintiffs' mistake in service is at least as reasonable as those in the cases reviewed above. The District of Columbia's attorneys' have insisted in past cases that the Office of the Attorney General must be served. *See* Exhibit 1. The Clerk issued only one summons for the District of Columbia, allowing service upon only one office. In that context, while Plaintiffs' counsel's mistake in believing that service upon the Office of the Attorney General sufficed is not admirable, it is at least understandable. Finally, when that service was made, the only available District representative stated that she could accept service. *See* Exhibit 1.

Once Plaintiffs' counsel discovered his mistake, he immediately took steps to effect valid service, and accomplished that service within days of his discovery. *See* Exhibit 1.

For these reasons, this case is clearly distinguishable from those cited by the Defendants, *Coppedge v. District of Columbia*, 2005 WL 914775 (D.D.C. 2005) (slip

opinion) and *Pellegrin & Levine, Chartered v. Antoine*, 961 F.2d 277 (D.C. Cir. 1992). In *Coppedge*, the plaintiff had made absolutely no attempt whatsoever to serve the defendant – certainly not the case here. In *Pellegrin*, though the plaintiffs later claimed misunderstanding, it was clear that the plaintiffs had understood the service requirements, but had knowingly abandoned efforts to serve one defendant when it had became difficult to do. *See* 961 F.2d at 282 (finding the plaintiff's claim that it had believed service complete to be "implausible"). Regardless, the Court of Appeals did not hold that the District Court could not have found good cause in *Pellegrin,* but rather that the District Court had not abused its discretion in finding no good cause. *See id.* at 283.

On the whole, the Plaintiffs' efforts were at least as reasonable as those in cases in which the district courts have found good cause, and far more reasonable than those in *Coppedge* and *Pellegrin.* Unlike the *Coppedge* and *Pellegrin* plaintiffs, the Plaintiffs attempted service, and did not abandon the effort. Like the plaintiffs in *Arroyo, Walden,* and *Sims*, the Plaintiffs made a mistake in the interpretation of the service rules, but still made a diligent, if flawed, attempt to serve. Like the *Geller* plaintiff, the Plaintiffs were in part confused by the actions of the Defendants. Like the *Geller, Arroyo,* and *Walden* plaintiffs, the Plaintiffs swiftly and effectively made proper service once the mistake was discovered. Like the *Arroyo* defendant, the District of Columbia had ample actual notice of the Complaint.

Because the Plaintiffs made a diligent, if flawed, attempt to serve, because the flaw in service was reasonable under the circumstances, because the Plaintiffs swiftly and effectively made proper service once their mistake was discovered, and because the District of Columbia had actual notice of the Complaint, the Plaintiffs made a reasonable

9

effort to effect service for purposes of the determination of good cause. The Court should therefore extend the time for service to encompass the Plaintiffs' successful service on the District of Columbia on January 6, 2005.

### III. If the Court Finds no Good Cause for the Plaintiffs' Failure to Serve the Mayor, a Discretionary Extension of the Time for Service is Warranted

"Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period [for service] even if there is no good cause shown." *Henderson v. U.S.,* 517 U.S. 654, 662-663 (1996). "[A]bsent a showing of good cause, a district court must still consider whether a permissive extension of time is warranted." *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340-341 (7th Cir. 1996).[2]

In exercising this discretion, a Court should consider the same factors as in the determination of good cause, but should also consider "whether the applicable statute of limitations would bar the refiled action," an issue specifically mentioned in the Notes of the Advisory Committee. *See Espinoza v. U.S.,* 52 F.3d 838, 842 (10th Cir. 1995); Fed.R.Civ.P. 4(m), Notes of Advisory Committee on 1993 amendments, Note to Subdivision (m).

---

[2] In 1993, Rule 4(m) was amended, with the language "the action shall be dismissed" in the absence of good cause changed to "the court...shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." *See* Fed.R.Civ.P. 4(m), Notes of Advisory Committee on 1993 amendments, Note to Subdivision (m) ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

Since the 1993 amendment, the Court of Appeals for the District of Columbia Circuit has not addressed the question of the availability of extensions of service time in the absence of good cause. (*Pellegrin* was decided in 1992.) However, the new discretionary authority has been recognized by several other Courts of Appeals. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *In re Richards*, 172 F.3d 44 (4th Cir. 1999) (unpublished opinion); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340-341 (7th Cir. 1996); *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *DeTie v. Orange County*, 152 F.3d 1109, 1111 n.5 (9th Cir. 1998); *Espinoza v. U.S.*, 52 F.3d 838, 840-841 (10th Cir. 1995).

As argued *supra,* the Plaintiffs have established good cause for their initial failure to serve the Mayor. If the Court finds that good cause is not shown, the Court should still exercise its discretion to extend the time for service on the basis of those facts and the balance of prejudices, most notably the extreme prejudice to the Plaintiffs and A.H. resulting from the statute of limitations.

If the Court enlarges time to validate the January 6, 2005 service on the Mayor, the District of Columbia will not be prejudiced at all. Because this case arises from an adverse administrative decision, the record is essentially complete, and the Defendant's access to documents and witnesses is negligible. Regardless, because the case was originally filed less than one month after the administrative decision, and the extension will only delay the case by a few months, there's no reason to believe that any evidence will be lost.

Moreover, both the Superintendent and the Office of the Attorney General have had actual notice of the Complaint for months. It's hard to imagine that any opportunity has been lost as a result of the Mayor's lack of direct notice of the Complaint, when the District's attorneys have known of it.

The Plaintiff, on the other hand, would be severely prejudiced by a dismissal of this complaint. If the court dismisses this complaint for the Plaintiffs' technical defect in service, the Plaintiffs' claims will be forever barred by the statute of limitations – the exact outcome requested by the Defendants in their Motion. A.H. will be subject to transfer to the new school, and the Plaintiffs will lose the opportunity for adjudication of their claim that he will be thereby denied an appropriate education.

Because the Plaintiffs made a diligent, if flawed, attempt to serve, because the flaw in service was reasonable under the circumstances, because the Plaintiffs swiftly and effectively made proper service once their mistake was discovered, because the District of Columbia has had actual notice of the Complaint, because the District of Columbia will not be prejudiced by an extension of the service time, and because the Plaintiffs and their son would be severely prejudiced by a dismissal, even if the Court finds no good cause, the Court should exercise its discretion and extend the time for service to encompass the Plaintiffs' successful service on the District of Columbia on January 6, 2005.

## CONCLUSION

For the reasons stated above, the Plaintiff respectfully requests that this Court deny the Defendants' Motion to Dismiss, extend the time for service to encompass the Plaintiffs' successful service on the District of Columbia on January 6, 2005, and order that this case proceed.

Respectfully submitted,

_____
Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC  20008
(202) 332-0038