IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTWAUN HAWKINS, et al.,<br>    Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br>    Defendants. | Civil Action No. 05-1247<br>JR |

## VERIFIED STATEMENT OF DOUGLAS TYRKA

1.  I am over 18 years of age and competent to testify regarding the matters described herein.

2.  I represent the Plaintiffs in this case.

3.  I filed my first case in the United States District Court for the District of Columbia in an Individuals with Disabilities Education Act ("IDEA") case in 2003. In that case, and in several following, counsel used a professional process server.

4.  Prior to the service of that first complaint, the process server in question explained to me that the District of Columbia would challenge service unless the District of Columbia summons were served both at the Mayor's office and at the Office of Corporation Counsel, as it was then known.

5.  Though I did not see how the District of Columbia could demand service of one summons to two offices, I complied with the process server's suggestion and allowed him to photocopy the summons and complaint for the second office

6. For two complaints filed in early 2005, I decided no longer to use the process server, for unrelated reasons, and to delegate a paralegal employee of mine to effect service.

7. Before giving the paralegal instructions, I carefully examined the rules, and came to the conclusions that 1) only the Superintendent and the Mayor's office needed to be served, and 2) the District of Columbia's position that the District of Columbia summons had to be served on both offices stemmed from the erroneous belief that service of a federal complaint must be obtained in accordance with the District of Columbia rules.

8. Accordingly, for the next two IDEA case filed, I instructed the paralegal to serve a summons and copy of the complaint at the Superintendent's office and at the Mayor's office.

9. In each of those cases, the District of Columbia attorney assigned to the case called me and complained that service had not been completed because the District of Columbia summons and complaint had only been served at the Mayor's office, and not at the Office of the Attorney General. After much discussion in each case, I agreed to an extension of time in which to file the answer.

10. Regarding this case, I instructed another paralegal employee of mine to serve the summons and Complaint at the Superintendent's office and at the Office of the Attorney General. At that time, I had developed the erroneous belief that service of the District of Columbia summons upon the Office of the Attorney General

would constitute service upon the District of Columbia according the Federal Rules of Civil Procedure.

11. During the attempted service at the Office of the Attorney General, the paralegal telephoned me an told me she was having a problem getting someone at that office to accept the service. After a brief exchange with her, I asked to speak with the representative of the Attorney General with whom the paralegal had been talking, and that person came on the phone.

12. That person, an unidentified woman, told me that the summons and Complaint had to be served on the Mayor's office as well. I understood her to be taking the same position as District of Columbia attorneys had taken in the past, that the one summons had to be served on two offices.

13. Rather than argue with the representative, I asked her, "Can you accept service of this summons or not?" The representative stated that she could accept service. I then instructed his paralegal to leave the summons and Complaint with that person.

14. Shortly after filing the returns of service in this case, at some point over the New Year weekend, before the Defendants filed their Motion to Dismiss, I discovered my mistake in serving the Office of the Attorney General instead of the Mayor's office.

15. On Tuesday, January 3, 2005, I instructed a paralegal to obtain a new summons in this case to be served on the Mayor. She made that request to the Clerk that day.

16. I instructed the paralegal to obtain the summons from the Clerk as soon as it was ready. As I recall, there was some delay in obtaining the summons, though I believe that the paralegal called the Clerk every day.

17. At the first opportunity, I instructed the paralegal to serve the summons and a new copy of the Complaint on the Mayor. She did so on January 6, 2005.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on  1/17/05  .

_____
Douglas Tyrka